# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| ANGELA FAVORS MORRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL O'NEILL, et al.,<br><br>    Defendants. | CV 200—158 |
| ANGELA FAVORS MORRELL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CV 209-058 |
| ANGELA FAVORS MORRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CV 211-091 |
| ANGELA FAVORS MORRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | CV 214-164 |

ANGELA FAVORS MORRELL, et al.,

    Plaintiffs,

    v.

UNITED STATES, et al.,

    Defendants.

CV 215-024

## ORDER

Before the Court is a "Request to Reopen" filed by Plaintiffs Angela Favors-Morrell and Tony Morrell. Dkt. No. 98.[1] Therein, Plaintiffs appear to reassert arguments made in their previous motions to reopen. Id. at 3-9. They also assert fraud on the part of the Federal Law Enforcement Training Center, the Department of Justice, and the Court. Id. at 1, 2, 8. As in their previous motions, Plaintiffs do not identify the legal authority upon which their motion is based. However, the Court gives Plaintiffs—pro se litigants—the benefit of the doubt and liberally construes their filing as both a motion for reconsideration and a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

## DISCUSSION

**I. Motion for Reconsideration**

In their motion, Plaintiffs once again challenge Angela Favors-Morrell's termination of employment by asserting that

---

[1] The motion was filed in five closed cases assigned to the undersigned. See Case No. 2:00-cv-158; Case No. 2:09-cv-058; Case No. 2:11-cv-091; Case No. 2:14-cv-164; and Case No. 2:15-cv-024. References to the docket are to Case No. 2:15-cv-024 unless otherwise indicated.

2

Defendants' alleged wrongdoings were identified in performance and accountability audits. See Dkt. No 98 at 2-9. In short, Plaintiffs' reassertion of such arguments does not warrant the "extraordinary remedy" of reconsideration. See Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) ("[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" (citation omitted)); Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) ("[A] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to 'ask the Court to rethink what [the Court] ha[s] already thought through—rightly or wrongly.'" (quotation and citation omitted)). Therefore, to the extent Plaintiffs request reconsideration of the Court's previous Orders, their motion is **DENIED**.

## II. Motion for Relief from Judgment

In their motion, Plaintiffs assert that "[a] decision produced by fraud upon the court is not in essence a decision at all, and never becomes final." Dkt. No. 98 at 8. Plaintiffs appear to request relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), which provides that

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . .

3

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . . .

Despite Plaintiffs' assertions of fraud, as well as "waste, misconduct and abuse," dkt. no. 98 at 1, 2, 8, this Court is unable to provide Plaintiffs the relief they seek. Per Rule 60(c)(1), motions brought pursuant to Rule 60(b)(3) "must be made within a reasonable time" and "no more than a year after the entry of judgment." Looking at the record in the five closed cases within which Plaintiffs filed their motion, the most recent judgment from which Plaintiffs might be seeking relief was entered in June 2016. Dkt. No. 53. Plaintiffs' motion is, therefore, woefully untimely under Rule 60(b)(3) and must be **DENIED**.

### III. Vexatious Litigation

As noted *supra*, Plaintiffs have filed multiple cases in this Court. More importantly, however, Plaintiffs *continue* to file motions in these cases well after the cases have been closed. See Favors v. Summers, No. 2:00-mc-014 (S.D. Ga.) (initiated Oct. 23, 2000; terminated Oct. 25, 2000; last filing date Dec. 7, 2022); Favors-Morrell v. United States, No. 2:09-cv-058 (S.D. Ga.) (initiated May 13, 2009; terminated June 28, 2010; last filing date May 7, 2025); Favors-Morrell v. United States, No. 2:11-cv-91 (S.D. Ga.) (initiated June 6, 2011; terminated Dec. 6, 2011; last filing date May 7, 2025); Favors-

4

Morrell v. United States, No. 2:14-cv-164 (S.D. Ga.) (initiated Oct. 31, 2014; terminated June 15, 2015; last filing date May 7, 2025); Favors-Morrell v. United States, No. 2:15-cv-19 (S.D. Ga.) (initiated Feb. 17, 2015; terminated Apr. 4, 2016; last filing date Nov. 29, 2023); Favors-Morrell v. United States, No. 2:15-cv-024 (S.D. Ga.) (initiated Feb. 24, 2015; terminated June 10, 2016; last filing date May 7, 2025); In re Favors-Morrell, No. 2:16-mc-009 (S.D. Ga.) (initiated Dec. 7, 2016; terminated Dec. 28, 2018; last filing date Dec. 7, 2022). For example, in Case No. 2:09-cv-58, after judgment was entered in favor of Defendant, Plaintiffs filed a motion to vacate order, dkt. no. 52, a motion for review, dkt. no. 55, a motion to change venue, dkt. no. 59, a motion to reopen case, dkt. no. 60, a motion for conference with Defendant, dkt. no. 63, a motion to vacate judgment, dkt. no. 67, two letters, dkt. nos. 74, 75, an out-of-time response, dkt. no. 79, another motion to vacate, dkt. no. 80, a motion for reconsideration, dkt. no. 87, two discovery motions, dkt. nos. 90, 91, three more letters, dkt. nos. 98-100, a demand to settle, dkt. no. 101, a motion for hearing, dkt. no. 102, a motion to reopen case and motion for hearing, dkt. no. 105, another motion to reopen case, dkt. no. 107, and, finally, the most recent motion to reopen case, dkt. no. 109.  All requests for post-judgment relief were denied.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from

conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the [filing] is reviewed initially by a law clerk, a staff attorney, a magistrate [judge], or [a district] judge." Id. at 1072. Prolific frivolous filings drain judicial resources that would otherwise serve litigants with meritorious matters before the Court. See Hurt v. Soc. Sec. Admin., 544 F.3d 308, 310 (D.C. Cir. 2008).

The time has come for the Court system to protect itself from Plaintiffs' vexatious filings. Therefore, the Court **IMPOSES** the following sanctions in all pending and future civil cases filed by Plaintiffs in this district:

1. The Clerk shall open a miscellaneous file into which all of Plaintiffs' future filings shall be collected. The presiding judge shall review the filings. Only those complaints or motions that allege a plausible claim for relief will be approved for filing. All other filings will be dismissed without any further judicial action after 30 days from the date the filing was received by the Clerk, unless the Court orders otherwise. Thus, although the Court will read and consider any future complaint or motion that Plaintiffs endeavor to file, it will not necessarily enter an order addressing the

complaint or motion. If no order is forthcoming, then 30 days after the filing's receipt, the Clerk shall, without awaiting any further direction, notify Plaintiffs that the complaint or motion has been dismissed without prejudice. The Clerk shall not docket any further motions or papers in Plaintiffs' cases except for a notice of appeal. If a notice of appeal is filed, the Clerk shall forward a copy of this Order, the notice of appeal, and the dismissed filing to the Court of Appeals.

2. To ensure that all of Plaintiffs' future pleadings are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all of Plaintiffs' future complaints and/or motions are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

3. Plaintiffs may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

4. These filing restrictions do not apply to any criminal case in which Plaintiffs are named as defendants, or to any proper application for a writ of habeas corpus.

A copy of the Order imposing these restrictions should be forwarded to each judicial officer in this District.

## CONCLUSION

Plaintiffs' request to reopen, dkt. no. 98, is **DENIED**. Further, the Court **IMPOSES** the filing restrictions against Plaintiffs identified above. These cases remained **CLOSED**.

**SO ORDERED,** this 14th day of May, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA